## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **SHAYLA ROBINSON, on behalf of herself and all others similarly situated,** | **No.** |
| **Plaintiff,** | **COLLECTIVE ACTION COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| **v.** | |
| **GFB RESTAURANTS LLC; HEMINGWAYS HOSPITALITY LLC; LOUISE GOETZ; BRUNILDA XHOKA; FLORENCA XHOKA; and GERTI XHOKA,** | |
| **Defendants.** | |

Plaintiff Shayla Robinson, individually and on behalf of all others similarly situated, by her attorneys, Squires Legal Group, PLLC, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover unpaid wages for Plaintiff and her similarly situated colleagues who were not paid any wages for the hours they worked between May 6, 2025 and May 31, 2025.

2.     Moreover, Defendants failed to pay Plaintiff and her similarly situated tipped colleagues Florida's minimum wage for tipped employees between January 1, 2025 and May 31, 2025.

3.      Plaintiff brings this action to recover unpaid minimum wage compensation for herself and similarly situated employees as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and alternatively under Florida's Minimum Wage Act ("FMWA").

## **THE PARTIES**

4.      Plaintiff Shayla Robinson is an adult individual who was employed by Defendants as Server in Pinellas County, Florida from July 7, 2024 to May 31,2025.

5.      Plaintiff's payrate as a Bartender was $8.98/hour.

6.      Defendants owned and operated Bogota Kitchen + Bar ("Bogota"), a Latin-themed bar in downtown Palm Harbor, Florida.

7.      Pursuant to Defendants' policies and practices, Defendants repeatedly violated the FMWA by failing to compensate Plaintiff, other tipped employees, and other similarly situated employees at the minimum rate for tipped employees required by Florida law.

8.      Plaintiff is a covered employee within the meaning of the FLSA.

9.      A written consent form signed by Plaintiff is attached as Exhibit A.

10.     Defendant GFB Restaurants, LLC is a Florida Limited Liability Company with its principal place of business in Palm Harbor, Florida.

11.     GFB Restaurants, LLC is a covered employer within the meaning of the FLSA.

12.    Defendant Hemingways Hospitality, LLC is a Florida Limited Liability Company with its principal place of business in Palm Harbor, Pinellas County, Florida.

13.    Hemingways Hospitality is a covered employer within the meaning of the FLSA.

14.    Defendants Louise Goetz, Brunilda Xhoka, Gerti Xhoka, and Florenca Xhoka (collectively, "Owner Defendants") are individuals residing in Pinellas County, Florida.

15.    At all times relevant, Owner Defendants are covered employers within the meaning of the FLSA. Each individual Owner is an owner/corporate officer/director/manager with operational and financial control over GFB Restaurants, LLC (Xhoka family members), Hemingways Hospitality, LLC (Louis Goetz), and Bogota.

16.    At all times relevant, each individual Owner possesses and exercises authority to hire and fire employees, supervise and control work schedules and conditions of employment, and makes pay decisions, including paying Plaintiff and similarly situated employees.

17.    At all times relevant, each Owner is individually liable for the FLSA violations described herein. Owner Defendants were Plaintiff's, and other similarly

situated employees', direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d).

18.    At all times relevant, GFB Restaurants, LLC and Hemingways Hospitality, LLC were Plaintiff's, and other similarly situated employees', direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d).

19.    At all times relevant Bogota annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

20.    This Court is vested with federal question jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 *et seq*., pursuant to 28 U.S.C. § 1311 and 29 U.S.C. § 216(b). This Court also has supplemental jurisdiction over Plaintiff's related claim arising under state law, pursuant to 28 U.S.C. § 1367.

21.    This Court is empowered to issue declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

22.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because Defendants operate, and a substantial part of the events or omissions giving rise to the claims occurred, in this District. Defendants are subject to personal jurisdiction in Florida.

23.     All conditions precedent, statutory and administrative remedies, and prerequisites have been exhausted, discharged, performed, excused, met, waived, or abandoned prior to the filing of this action.

### GENERAL ALLEGATIONS

24.     Defendants employed Plaintiff and her colleagues as servers, hostesses, cooks, bartenders, and managers.

25.     Servers, hostesses, and bartenders are tipped employees.

26.     On January 1, 2025, the minimum wage for tipped employees in Florida rose to $9.98/hr.

27.     However, from January 1, 2025 through May 31, 2025, Defendants paid their tipped employees $8.98/hr.

28.     Although Defendants required Plaintiff and her colleagues to report to work, from May 6, 2025 through May 31, 2025, Defendants did not pay any of their employees any wages at all. Certain employees had not been paid for even longer.

29.     On June 1, 2025, Plaintiff and other employees arrived to work at Bogota to find that the restaurant was closed without explanation.

30.     Defendants knowingly and willingly refused to pay Plaintiff and her colleagues their earned wages.

31.     On June 13, 2025, Plaintiff's Counsel sent notice via certified mail to Defendants in an attempt to obtain the wages owed to Plaintiff and her colleagues.

32.    To date, Plaintiff and her colleagues have not been paid their wages from Defendants.

33.    As a result, Plaintiff and her colleagues have been required to retain Squires Legal Group, PLLC to enforce their rights and are required to pay reasonable attorneys' fees for services rendered.

34.    Plaintiff and her similarly situated colleagues seek recovery of their unpaid wages and further seek interest, costs, and attorneys' fees under 29 U.S.C. § 216(b) and Florida Statutes § 448.08.

## COUNT 1
### FMWA: Unpaid Minimum Wage For Tipped Employees
### (Brought On Behalf Of Plaintiff And The Tipped Employee Plaintiffs)

35.    Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 34 above as if fully set forth herein.

36.    The Tipped Employee Plaintiffs are employees covered under the FMWA. The Tipped Employee Plaintiffs are Amber Costa, Ariana Friedman, Nataly Borrero, Jean Marie Ferrell, Serenity Irizarry, Caroline Macintire, Brandon Resendez, Shayla Robinson, and Harley Sanford. They worked as tipped employees between January 1, 2025 and May 31, 2025.

37.    Defendants are employers covered under the FMWA.

38.    On January 1, 2025, Florida's minimum wage for tipped employees was $9.98/hr.

39.    Between January 1, 2025 and May 31, 2025, Defendants paid the Tipped Employee Plaintiffs $8.98/hr—one dollar less than the required minimum wage.

40.    As a result of Defendant's violations of the FMWA, the Tipped Employee Plaintiffs were not paid the minimum wage for 21 weeks and were damaged.

41.    Because Defendants were on notice about their violations and failed to remedy, the Tipped Employee Plaintiffs are entitled to liquidated damages.

42.    WHEREFORE the Tipped Employee Plaintiffs request the following relief:

A.    A jury trial on all the issues so triable;

B.    Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FMWA;

C.    Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful;

D.    Pre-judgment interest and post-judgment interest;

E.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

F.    Reasonable attorneys' fees and costs of the action; and

G.    Such other relief as this Court shall deem just and proper.

## COUNT 2
### FMWA: Unpaid Minimum Wage
### (Brought On Behalf Of Plaintiff And The Unpaid Wages Collective)

44.    Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 34 above as if fully set forth herein.

45.    The Unpaid Wages Collective are employees covered under the FMWA. The Unpaid Wages Collective consists of the Tipped Employee Plaintiffs, non-tipped employees Heather Patrick, Ben Lewis, and Steven Nedley, and any other employees who were not paid wages between May 6, 2025 and May 31, 2025 who choose to opt in.

46.    Defendants are employers covered under the FMWA.

47.    On January 1, 2025, Florida's minimum wage for tipped employees was $9.98/hr. The minimum age for other employees was $11/hour.

48.    Between May 6, 2025 and May 31, 2025, Defendants did not pay the Unpaid Wages Collective any wages.

49.    A breakdown of each individuals unpaid wages is attached as Exhibit B.

50.    Due to Defendant's FMWA violations, the Unpaid Wages Collective are owed back wages.

43.     Because Defendants were on notice about their violations and failed to remedy, the Unpaid Wages Collective are entitled to an equal amount in liquidated damages.

44.     WHEREFORE the Unpaid Wages Collective request the following relief:

A.      A jury trial on all the issues so triable;

B.      Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FMWA;

C.      Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful;

D.      Pre-judgment interest and post-judgment interest;

E.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

F.      Reasonable attorneys' fees and costs of the action; and

G.      Such other relief as this Court shall deem just and proper.

## COUNT 3
### FLSA: Unpaid Federal Minimum Wage
### (Brought On Behalf Of Plaintiff And The Unpaid Wage Collective)

51.     Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 34 above as if fully set forth herein.

52.    The Unpaid Wages Collective are employees covered under the FLSA. The Unpaid Wages Collective consists of the Tipped Employee Plaintiffs, non-tipped employees Heather Patrick, Ben Lewis, and Steven Nedley, and any other employees who were not paid wages between May 6, 2025 and May 31, 2025 who choose to opt in.

53.    At all relevant times, Plaintiff and other similarly situated current and former Bogota employees were engaged in commerce and/or employed in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54.    Defendants are employers covered under the FLSA.

55.    At all relevant times, Defendants engaged in commerce and/or are enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56.    At all relevant times, Defendant employed Plaintiff and the Unpaid Wages Collective.

57.    The Unpaid Wages Collective are Bogota employees who worked between May 6, 2025 and May 31, 2025 but were not paid any wages.

58.    On January 1, 2025, the federal minimum wage for tipped employees was $2.13/hr. The federal minimum wage for other employees was $7.25/hr.

59.    Between May 6, 2025 and May 31, 2025, Defendants did not pay the Unpaid Wages Collective any wages.

60.    A breakdown of each individuals unpaid wages is attached as Exhibit B.

61.    Due to Defendant's FLSA violations, the Unpaid Wages Collective are owed back wages.

62.    Because Defendants were on notice about their violations and failed to remedy, the Unpaid Wages Collective are entitled to an equal amount in liquidated damages.

63.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

64.    Defendant's violations of the FLSA were willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

65.    Because Defendant's violations of the FLSA are willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

66.    As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied the minimum wage.

67.    As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

68.    The additional persons who may become plaintiffs in this action are/were Defendants' employees, who worked between May 6, 2025 and May 31, 2025 but who did not receive the federal minimum wage as compensation.

69.    Consistent with Defendant's policies and patterns or practices and pursuant to a corporate policy to minimize labor expenses and increase corporate profits, Plaintiff and the members of the Unpaid Wages Collective were not paid any wages whatsoever between May 6, 2025 and May 31, 2025.

70.    All of the work that Plaintiff and the members of the Unpaid Wages Collective have performed has been assigned by Defendants, and Defendants have been aware of all of the work that Plaintiff and the Unpaid Wages Collective have performed.

71.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of Unpaid Wages Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to

pay Plaintiff and the members of the Unpaid Wages Collective the minimum wage for all hours that they worked.

72.    Defendants are aware or should have been aware that federal law required it to pay Plaintiff and members of the Unpaid Wages Collective the minimum wage for all hours worked.

73.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

74.    There are many former employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

75.    Similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

76.    Notice should be sent to the Unpaid Wages Collective pursuant to 29 U.S.C. § 216(b).

45.    WHEREFORE the Unpaid Wages Collective request the following relief:

A.    A jury trial on all the issues so triable;

B.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all similarly situated employees who are presently, or have at any time since three years prior to the filing

of this Complaint, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

C.    Unpaid minimum wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D.    Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful;

E.    Pre-judgment interest and post-judgment interest;

F.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

G.    A reasonable incentive award for Plaintiff to compensate her for the time and effort she has spent and will spend protecting the interests of other unpaid employees, and the risks she is undertaking;

H.    Reasonable attorneys' fees and costs of the action; and

I.    Such other relief as this Court shall deem just and proper.

I HEREBY CERTIFY that a true and correct copy has been furnished to the Defendants together with the Summons by service of process on the date indicated on the Summons and return of service.

Dated: September 22, 2025.                    Respectfully submitted,

                                              **SQUIRES LEGAL GROUP, PLLC**
                                              100 South Ashley Drive
                                              Suite 600
                                              Tampa, Florida 33602
                                              Telephone: 813.922.2803

                                              By:*/s/ Brien V. Squires*
                                              Brien V. Squires, Esq.
                                              Fla. Bar No. 0291873
                                              Email: brien@squires-legal.com