**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHAYLA ROBINSON,**
**on behalf of herself and**
**all other similarly situated,**

      **Plaintiffs,**

**v.**                                                    **Case No.: 8:25-cv-2556-KKM-AAS**

**GFB RESTAURANTS, LLC,**
**et. al.,**

      **Defendants.**
_____/

## <u>ORDER</u>

Plaintiffs Shayla Robinson and all others similarly situated, move for entry of a clerk's default against Defendant Hemingways Hospitality, LLC (Hemingways). (Doc. 38). Ms. Robinson filed her complaint on September 22, 2025. (Doc. 1). On January 6, 2026, Ms. Robinson's counsel, Attorney Squires, attempted to serve Hemingways with the complaint and summons by substitute service on the Secretary of State. (Doc. 35). In the Affidavit of Service, Attorney Squires indicated the Secretary of State received service of the summons and complaint. (*Id.*).

Under Federal Rule of Civil Procedure 55(a), when a defendant fails to "plead or otherwise defend, and that failure is shown by affidavit or otherwise,

1

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "However, '[p]rior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process.'" *Premier Trailer Leasing, Inc. v. DM World Transportation, LLC*, No. 8:19-CV-2558-T-60AAS, 2020 WL 7396979, at *1 (M.D. Fla. Dec. 17, 2020) (quoting *Pree v. Pickle Pro, LLC*, 2:17-cv-42-FTM-29CM, 2018 WL 6304864, at *1 (M.D. Fla. Dec. 3, 2018)).

Federal Rule of Civil Procedure 4 governs service of a complaint and summons upon the initiation of a lawsuit. Federal Rule of Civil Procedure 4(h)(1) describes the requirements to serve process on Limited Liability Companies (LLC). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying Rule 4(h) to an LLC). Under Rule 4(h) service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B)

An LLC may also be served with process in accordance with the law of the state where the district court sits or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). In Florida, service of process on LLCs is generally governed by section 48.062 of the Florida Statutes.

Section 48.062 establishes a hierarchy of individuals who may accept service of process on behalf of an LLC beginning with the LLC's registered

2

agent. *Corp. v. Benzer OH 7 LLC*, No. 8:24-CV-1398-WFJ-NHA, 2024 WL 5239616 at \*2 (M.D. Fla. Dec. 27, 2024); *see* Fla. Stat. § 48.062(2). The statute states:

> If, after due diligence, the process cannot be completed under subsection (2) [on the LLC's registered agent], and if either:
>
> (a) The only person listed publicly by the . . . LLC . . . on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2); or
>
> (b) After due diligence, service was attempted on at least one person listed publicly by the . . . LLC . . . on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3),
>
> the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company or the registered foreign limited liability company or by order of the court under s. 48.102.

Fla. Stat. § 48.062(4).

Upon review, the plaintiffs did not properly serve Hemingways because an LLC may not be served by substitute service on the Secretary of State, until after service is attempted on the LLC's registered agent. *InClaim, LLC v. Structural Wrap, LLC*, 413 So. 3d 251, 256 (Fla. 3d DCA 2025) ("only after a plaintiff exercises 'due diligence,' . . . in attempting to serve the registered agent or a person publicly listed by the LLC, may a plaintiff rely upon substitute service to serve a Florida LLC by serving the Secretary of State.");

3

*see Wyatt v. STRG Investments, LLC*, No. 8:24-CV-523-KKM-NHA, 2024 WL 6992430 at *2–3 (M.D. Fla. May 30, 2024) (denying the motion for clerk's default for improper service on the Secretary of State); Fla. Stat. § 48.062. The registered agent of Hemingways is Louise Goetz. Ms. Robinson previously served Ms. Goetz in her individual capacity. (Doc. 25).

The record and return of service (Doc. 35) do not comply with Section 48.062 and substitute service on the Secretary of State was not proper. As noted above, proper service is a prerequisite to entering a clerk's default. *See DM World Transportation, LLC*, 2020 WL 7396979, at *1. Accordingly, Ms. Robinson's motion for a clerk's default is **DENIED**.

**ORDERED** in Tampa, Florida on February 10, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4