# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHAYLA ROBINSON,**
**on behalf of herself and**
**all others similarly situated,**

    **Plaintiffs,**

v.                                                                    **Case No.: 8:25-cv-2556-KKM-AAS**

**GFB RESTAURANTS, LLC,**
**et. al.,**

    **Defendants.**

_____/

## ORDER

Defendants Louise Goetz, proceeding pro se, and Hemingways Hospitality, LLC, (Hemingways) request that the court set aside the entry of clerk's default against Ms. Goetz. (Doc. 43). This request is opposed. (Doc. 52). Hemingways remains an unrepresented corporate defendant; thus, the motion will be treated as if it were made solely by Ms. Goetz.

On September 22, 2025, Shayla Robinson sued the defendants, and the clerk issued the summons on September 24, 2025. (Docs. 1, 5). On December 22, 2025, a process server served Ms. Goetz with the complaint and summons. (Doc. 25). Subsequently, the plaintiff successfully moved for clerk's default against Ms. Goetz under Federal Rule of Civil Procedure 55(a). (Docs. 33, 34). The clerk entered default on January 30, 2026, and Ms. Goetz moved to set

1

aside the default on February 10, 2026.  (Docs. 37, 43).

A court may set aside entry of a clerk's default for good cause. Fed. R. Civ. P. 55(c). "Good cause" under Rule 55(c) is a liberal standard. *Sherrard v. Macy's Sys. and Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones v. Harell*, 858 F.2d 667, 668–69 (11th Cir. 1988) (affirming the district court's holding that "a bare minimum showing" will justify relief under Rule 55(c)). If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, a court may decline to set aside a clerk's default. *Burgos v. Valleycrest Golf Course Maintenance*, No. 2:10-cv-194-FtM-29SPC, 2010 WL 2243805, at *1 (M.D. Fla. June 4, 2010).

"The Eleventh Circuit has made it clear that 'defaults are seen with disfavor because of the strong policy of determining cases on their merits.'" *DZ Bank Ag Deutsche Zentral-Genossenschaftsbank, Frankfurt Am Main, New York Branch v. Sandra K. Gardner Ins., Inc.*, No. 8:09-CV-1218-T-33MAP, 2010 WL 668260 at *1 (M.D. Fla. Feb. 19, 2010) (quoting *Fla. Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir.1993). Based on the circumstances, the court determines there is good cause to set aside the clerk's default under Rule 55(c). Ms. Goetz argues that as a pro se defendant she misunderstood the required deadlines and was unable to timely file a response. (Doc. 43, p. 1). Ms.

Goetz also asserts she has a meritorious defense to the claims and would like to provide an answer and defense. (*Id.* at p. 2). In addition, Ms. Goetz promptly moved to set aside the clerk's default after being notified of its entry. Further, the plaintiff will not suffer prejudice because the case is still in in its early stages with the Case Management and Scheduling Order being entered on February 24, 2026. *See Hadley v. 104 Sales Group, Inc.*, No. 8:24-CV-02575-VMC-LSG, 2025 WL 475258 at *2 (M.D. Fla. Feb. 12, 2025) ("at this early stage, [the plaintiff] will not be prejudiced by the delay or by having to prove his claim on the merits, especially because Defendants moved to set aside the clerk's default less than a month after it was entered.").

Accordingly, good cause exists to set aside the clerk's entry of default against Ms. Goetz and the motion (Doc. 43) is **GRANTED**. *See New York Branch*, 2010 WL 668260 at *1 (finding good cause to set aside the clerk's default particularly in part because the "pro se Defendants did not understand the procedures necessary to respond to the complaint"). Ms. Goetz must respond to the complaint by **March 31, 2026**. Consequently, Ms. Robinson's motion for default judgment against Ms. Goetz (Doc. 53) is **DENIED as moot**.

**ORDERED** in Tampa, Florida on March 5, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge