UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAYLA ROBINSON,
on behalf of herself and
all others similarly situated,

     Plaintiffs,

v.                                                                    Case No.: 8:25-cv-2556-KKM-AAS

GFB RESTAURANTS, LLC,
et. al.,

     Defendants.
_____/

## ORDER

Plaintiffs Shayla Robinson and all others similarly situated, move for entry of a clerk's default against Defendant Hemingways Hospitality, LLC (Hemingways).

## I.    Background

Ms. Robinson filed her complaint on September 22, 2025. (Doc. 1). On January 6, 2026, Ms. Robinson's counsel, Attorney Squires, attempted to serve Hemingways with the complaint and summons by substitute service on the Secretary of State. (Doc. 35). Ms. Robinson's subsequent motion for entry of clerk's default was denied because Hemingways was not properly served. (Doc. 41). In the order denying entry of clerk's default, the court explained substitute service on the Secretary of State was not permissible until after service was

1

attempted on the LLC's registered agent. (Doc. 41). Now, Ms. Robinson brings this Amended Motion for Entry of Clerk's Default after once attempting service on Hemingway's registered agent, Ms. Goetz.

## II.    Applicable Law

Under Federal Rule of Civil Procedure 55(a), when a defendant fails to "plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "However, '[p]rior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process.'" *Premier Trailer Leasing, Inc. v. DM World Transportation, LLC*, No. 8:19-CV-2558-T-60AAS, 2020 WL 7396979, at *1 (M.D. Fla. Dec. 17, 2020) (quoting *Pree v. Pickle Pro, LLC*, 2:17-cv-42-FTM-29CM, 2018 WL 6304864, at *1 (M.D. Fla. Dec. 3, 2018)).

Federal Rule of Civil Procedure 4 governs service of a complaint and summons upon the initiation of a lawsuit. Federal Rule of Civil Procedure 4(h)(1) describes the requirements to serve process on LLCs. *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying Rule 4(h) to an LLC). Under Rule 4(h) service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

An LLC may also be served with process in accordance with the law of the state where the district court sits or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). In Florida, service of process on LLCs is generally governed by section 48.062 of the Florida Statutes.

Section 48.062 establishes a hierarchy of individuals who may accept service of process on behalf of an LLC beginning with the LLC's registered agent. *Corp. v. Benzer OH 7 LLC*, No. 8:24-CV-1398-WFJ-NHA, 2024 WL 5239616 at *2 (M.D. Fla. Dec. 27, 2024); see Fla. Stat. § 48.062(2). The statute states:

> If, after due diligence, the process cannot be completed under subsection (2) [on the LLC's registered agent], and if either:
>
> (a) The only person listed publicly by the . . . LLC . . . on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2); or
>
> (b) After due diligence, service was attempted on at least one person listed publicly by the . . . LLC . . . on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3),
>
> the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company or the registered foreign limited liability company or by order of the court under s. 48.102.

Fla. Stat. § 48.062(4).

## III.    Analysis

Ms. Robinson's renewed motion for entry of clerk's default remains

3

deficient. *See Panamerica Trade, Inc. v. Food Serv. Gaskets, LLC*, No. 3:25-CV-473-MMH-SJH, 2025 WL 2615312 at *1 (M.D. Fla. Sept. 10, 2025) (finding "Plaintiff has not shown the requisite due diligence to resort to substitute service" where "Plaintiff's terse Motion barely mentions the statutory due-diligence requirement in passing and makes no effort to satisfy it.").

Substitute service is permitted if, after due diligence, process cannot be served. *See* Fla. Stat. § 48.062(4); *InClaim, LLC v. Structural Wrap, LLC*, 413 So. 3d 251, 256 (Fla. 3d DCA 2025) ("only after a plaintiff exercises 'due diligence' . . . in attempting to serve the registered agent or person publicly listed by the LLC, may a plaintiff rely upon substitute service to serve a Florida LLC by serving the Secretary of State."). The party effectuating service is considered to have used due diligence if that party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(5)(a)−(c). "[S]trict compliance with statutes authorizing

substitute . . . service is required." *Panamerica Trade,* 2025 WL 2615312 at \*1; *see InClaim,* 413 So. 3d at 255 ("Fundamental notions of due process require strict compliance with statutes authorizing substituted . . . service in order to confer jurisdiction.").

Ms. Robinson attempted to serve Hemingways through its registered agent, Ms. Goetz, a single time on October 2, 2025. The Return of Non-Service reflects that the process server was unable to locate Ms. Goetz at the address listed for Ms. Goetz in her capacity as a registered agent, so the process server posted documents to Ms. Goetz's home. (Doc. 50). Ms. Robinson previously served Ms. Goetz at her home in her individual capacity. (Doc. 25). Upon review, Ms. Robinson's motion fails to show the level of diligence required by Florida law, and Ms. Robinson's motion makes no argument that the requisite due diligence was satisfied in attempting to serve Hemingways's registered agent, Ms. Goetz, to authorize substitute service on the Secretary of State.

## IV.   Conclusion

Accordingly, the motion for entry of a default by the Clerk against Hemingways (Doc. 43) is **DENIED**. Ms. Robinson must properly serve Hemingways by **March 31, 2026** or this action will become subject to dismissal as to Hemingways.

**ORDERED** in Tampa, Florida on March 5, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge